PAUL L. STROUB, Plaintiff-Appellee, *v.* RALPH LANE, Defendant-Appellant.

(No. 70-158;

Fifth District—April 6, 1972.

*Modified on denial of rehearing June 6, 1972.*

William E. Aulgur, of Eldorado, for appellant.

Deneen A. Watson, of Harrisburg, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals from a judgment rendered in the trial court following a non-jury trial upon plaintiff's complaint and defendant's counterclaim.

Defendant was a distributor of petroleum products and automobile accessories of the kind ordinarily supplied at automobile service stations. Defendant also owned an automobile service station and this he sold to plaintiff on or about April 1, 1967. Defendant as distributor supplied plaintiff with petroleum products and automobile accessories which plaintiff sold through the service station. Part of the sale price included an inventory on hand at the station at the time of the sale. In connection with his operation of the service station the plaintiff made collections on accounts receivable due to the defendant by reason of defendant's operation of the station prior to the sale to the plaintiff. With regard to such collections it was plaintiff's testimony that he wanted nothing to do with the collection of defendant's accounts receivable and grudgingly agreed to such collections only after insistence by the defendant. The plaintiff continued in the operation of the station for approximately one year when he resold the station to the defendant. The parties experienced considerable difficulty adjusting their accounts and disputes ensued. They jointly hired a bookkeeper to help straighten out the accounts

with partial, but not total, success. Following the inability of the parties to adjust their accounts, plaintiff brought suit against the defendant for monies allegedly owed to him and defendant filed his counter-claim denying his indebtedness to plaintiff and claiming plaintiff was in fact indebted to him for enumerated items.

The trial commenced on October 6, 1969, and after defendant introduced a large number of exhibits consisting of various types of financial records and accounts, court was adjourned to give plaintiff an opportunity to examine them. Trial resumed on February 6, 1970, and after the introduction of more financial records court was again adjourned until July 9, 1970, to afford the parties further time to examine the new records. Trial resumed and concluded on the final day. As a result of meetings between the parties and the bookkeeper they had hired the parties agreed that the defendant was indebted to the plaintiff for certain enumerated items totaling $3,855.37 and that the plaintiff was indebted to the defendant for certain enumerated items totaling $1,495,85. Given the agreed amounts of mutual indebtedness the issues became in the trial court, and remain on appeal, for how many tires does plaintiff owe defendant, what accounts receivable were collected by plaintiff and not turned over to defendant and the amount plaintiff owes defendant, if any, for petroleum products, supplies and accessories sold by defendant to plaintiff. The defendant in his counterclaim seeks payment for tires, petroleum products, supplies and accessories in the amount of $3,046.22 and payment for collections on his own customers' accounts receivable made in his behalf by plaintiff in the amount of $1,208.44. Plaintiff apparently makes no claim against defendant beyond the amounts defendant agreed to but plaintiff denies any indebtedness to defendant as claimed by defendant in his counter-claim.

After the hearings alluded to, the trial court granted plaintiff a judgment against defendant in the amount of $2,399.32, computed apparently only with regard for the agreed items of indebtedness. The defendant's counter-claim was disallowed in its entirety.

The parties on appeal have presented the same issues and the same sharply disputed evidence as they presented to the trial court. A cursory examination of the exhibits consisting of the financial records, invoices, accounts, etc., make it apparent that the financial dealings of the parties were relatively modest in their amounts but nonetheless very complex in their composition and preservation. On the whole they are disordered and display such a laxity of bookkeeping and accounting procedures that a reconstruction of the financial dealings of the parties to establish their claims is apparently impossible. This is particularly true with regard to the defendant. Our attempts to reconcile the claims of the parties with

the large number of financial records admitted into evidence have been unsuccessful. In our view the ultimate issue here has become, is the judgment of the trial court against the manifest weight of the evidence? The answer must lie in the resolution of questions of fact.

On the basis of the record and the evidence reviewed here we cannot say that the trial court erred in disallowing defendant's counter-claim insofar as the collections on defendant's accounts receivable and the amounts due on the sale of tires is concerned. Weighed against defendant's claim that the plaintiff collected monies on his (defendant's) accounts receivable and did not attorn for them is plaintiff's testimony that such collections were mostly in the form of checks and that he could not and did not cash them, and that he otherwise had attorned for all collections made. We cannot say that the findings of the trial court with regard to the collections of accounts receivable are against the manifest weight of the evidence. And we must adopt the same view with regard to the defendant's claim for payments due for tires. The bulk of the testimony of both parties was devoted to attempts to tally the tire accounts. The evidence is irreconcilable and in its final analysis becomes a matter of credibility of the witnesses. Implicit in the trial court's judgment is a finding, with which we must agree, that the defendant had failed to meet the burden of proof cast upon him to establish his claim for money due for tires sold beyond the seventeen which were included in the judgment.

Despite the confusing nature of the financial records and the conflicting testimony of the parties we have determined that the trial court's judgment requires modification in its aspect concerned with the sale and delivery of fuel oil, batteries, accessories and supplies. From the evidence there is no doubt that defendant supplied plaintiff with merchandise of this character which plaintiff sold in the normal course of his operation of the service station. Plaintiff's argument that defendant cannot produce invoices signed by plaintiff or his employees does not negate the validity of the claim if it is otherwise supported. Defendant testified that he had delivered such merchandise to plaintiff and had made charge sale tickets or invoices which detailed the dates, amounts and items delivered. These invoices were part of a group of which also showed sales of tires and sales of similar merchandise for cash. The charge sales are represented by defendant's exhibits numbers 53 through 59, inclusive, and numbers 66, 67, 74 and 95, and the total amount of sales shown is $1,383.15. The plaintiff admitted that such merchandise was received without the signature of himself or his employees but stated that he didn't want it that way, and in his brief, even takes the untenable position that such merchandise should be considered a gift. Plaintiff produced no evidence to refute defendant's claim based on these invoices nor any citations of

authority to excuse his liability therefor. Accordingly, the judgment of the trial court rendered in favor of the plaintiff in the amount of $2,399.32 will be modified by subtracting therefrom $1,383.15, reduced by a payment plaintiff made in the amount of $560.89, or a net reduction of $822.26, leaving the judgment in favor of plaintiff in the amount of $1,577.06.

Judgment modified and affirmed.

G. MORAN, P. J., and CREBS, J., concur.

## AMENDMENT TO OPINION ON DENIAL OF PETITION FOR REHEARING

Mr. JUSTICE JONES delivered the amendment to opinion of the court:

From a consideration of the Petition for Rehearing filed by the defendant it appears that we erroneously allowed plaintiff a credit for a payment to defendant for sales of fuel oil, batteries, accessories and tires in the amount of $560.89. It is made apparent in defendant's Petition for Rehearing that $434 of this amount was given to make good a bad check which plaintiff had previously given defendant as a payment on a cash sale and was not a payment made on account for charge sales. Accordingly, our opinion is modified to show the amount of plaintiff's payments made on account to be $126.89 rather than $560.89. The net reduction of plaintiff's judgment then becomes $1,256.26 and the amount of plaintiff's judgment is modified to $1,143.06.

In all other aspects, the original opinion will stand and defendant's Petition for Rehearing is denied.

G. MORAN, P. J., and CREBS, J., concur.